IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CASTLE,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>JAMES A. YATES, Warden,<br><br>　　　　Respondent. | No. C 05-3048 JSW (PR)<br><br>**ORDER TO SHOW CAUSE AND DENYING MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS* **WITHOUT PREJUDICE**<br><br>(Docket no. 3) |

## INTRODUCTION

Petitioner, a prisoner of the State of California who is incarcerated at Pleasant Valley State Prison (PVSP), has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. This order directs Petitioner's custodian, PVSP Warden James A. Yates, to show cause why the petition should not be granted.[1]

## BACKGROUND

According to the petition, Petitioner was convicted of rape and oral copulation in Mendocino County Superior Court. On April 24, 2002, he was sentenced to twelve years in state prison. Petitioner appealed his conviction to the California Court of Appeal, which

---

[1] In the caption of his habeas petition Petitioner has named the State of California as the respondent. The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the respondent. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254). This person typically is the warden of the facility in which the petitioner is incarcerated. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction, see id., but the allegations of the petition are to be liberally construed when considering whether the proper respondent has been named, see Belgarde v. Montana, 123 F.3d 1210, 1214 (9th Cir. 1997). Because Petitioner is incarcerated at PVSP he is in the custody of the PVSP warden for purposes of § 2254. Therefore, the Court will liberally construe PVSP Warden James A. Yates as the proper respondent and has substituted him as such.

affirmed the conviction, and to the Supreme Court of California, which denied Petitioner's petition for review. Thereafter, he sought state habeas corpus relief from the Supreme Court of California, which denied his request on April 13, 2005. Petitioner filed the present petition on July 28, 2005.

## DISCUSSION

I.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.  Legal Claims

The petition raises the following grounds for relief: (1) the evidence was insufficient to support the finding that Petitioner committed two separate sex offenses during the course of a single continuous course of conduct; and (2) full consecutive sentencing for two separate sex offenses is in excess of the sentence allowed under state law. As it does not appear from the face of the petition that Petitioner is not entitled to relief, Respondent is ordered to respond to the petition as set forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The motion to proceed *in forma pauperis* is DENIED without prejudice, because the trust account certificate which Petitioner provided was not signed and certified by a state correctional officer. Within **thirty (30)** days from the date of this order, Petitioner shall pay the $5.00 filing fee, or shall file a properly completed trust account certificate. (Docket no. 3.)

2. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on **PVSP Warden James A. Yates** (Respondent) and Respondent's

attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

DATED: Jan. 12, 2006

JEFFREY S. WHITE
United States District Judge