IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CASTLE,<br><br>    Petitioner,<br><br>  vs.<br><br>JEANNE WOODFORD,<br><br>    Respondent. | No. C 05-3048 JSW (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION FOR FAILURE TO RAISE A FEDERAL CONSTITUTIONAL CLAIM**<br><br>(Docket nos. 8, 15) |

**INTRODUCTION**

Petitioner, a state prisoner incarcerated at Avenal State Prison in Avenal, California, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. On January 12, 2006, this Court ordered Respondent to show cause why the writ should not issue (docket no. 4). On February 9, 2006, Respondent filed a motion to dismiss the petition for failure to allege the violation of a federal constitutional right (docket no. 8). Petitioner has filed a "motion for the mailbox rule" (docket no. 15) and a "Denial and Exception to the Return" in opposition to the motion (docket no. 16). Petitioner's motion is GRANTED in that the Court has found Petitioner's denial timely and considered it in deciding the motion (docket no. 15).

**BACKGROUND**

The parties agree on the following procedural history: Petitioner was convicted after a guilty plea of forcible rape and forcible oral copulation in Mendocino County Superior Court. On April 24, 2002, he was sentenced to twelve years in state prison.

Petitioner appealed his conviction to the California Court of Appeal, which affirmed the conviction, and to the Supreme Court of California, which denied Petitioner's petition for review. Thereafter, he sought state habeas corpus relief from the Supreme Court of California, which denied his request on April 13, 2005. Petitioner filed the present petition on July 28, 2005.

## DISCUSSION

Respondent now moves to dismiss the petition on th grounds that it fails to state a federal constitutional violation with regard to Petitioner's claims of sentencing error by the state courts. Further, Respondent argues that even if a constitutional violation were alleged, that any such claim was not exhausted in the state courts.

In the petition, Petitioner claims that his consecutive sentencing on two separate sex offenses was error because there was not necessarily an "appreciable amount of time" between the commission of the two offenses to which he plead guilty and that the mere commission of two offenses was insufficient to justify the consecutive sentence. Petitioner's habeas petition did not specifically identify any federal claims that he sought to raise.

In his opposition to the motion, Petitioner does not identify a federal basis for his state sentencing claims. Instead, Petitioner takes issue with the state sentencing judge's reliance on information about his case contained in the police report and the probation report prepared for his sentencing. Additionally, in support of his opposition, Petitioner attaches another habeas petition form, under the label "Attachment B," which includes new claims under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004) which do not appear to have been raised earlier in this or any of the state appellate courts.[1] It is unclear whether Petitioner, by filing a new petition as an attachment in support of his opposition, seeks to amend his federal petition.

---

[1] *See,* http://appellatecases.courtinfo.ca.gov.

2

However, given that possibility, the Court will treat this attachment to the opposition as a motion to amend the petition.

A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)), *cert. denied*, 478 U.S. 1021 (1986).

It is unavailable for violations of state law or for alleged error in the interpretation or application of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle*, 456 U.S. at 119; *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994); *see, e.g., Little v. Crawford*, 449 F.3d 1075, 1082 (9th Cir. 2006) (claim that state supreme court misapplied state law or departed from its earlier decisions does not provide a ground for habeas relief); *Moore v. Rowland*, 367 F.3d 1199, 1200 (9th Cir. 2004) (per curiam) (state's violation of its separation-of-powers principles does not give rise to a federal due process violation).  It is unavailable merely because "something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state court." *Middleton*, 768 F.2d at 1085.

State sentencing courts must be accorded wide latitude in their decisions as to punishment.  *See Walker v. Endell*, 850 F.2d 470, 476 (9th Cir. 1987), *cert. denied*, 488 U.S. 926, *and cert. denied*, 488 U.S. 981 (1988).  Generally, therefore, a federal court may not review a state sentence that is within statutory limits.  *See id.*

The constitutional guarantee of due process is applicable at sentencing.  *See Gardner v. Florida*, 430 U.S. 349, 358 (1977).  A federal court may vacate a state

3

sentence imposed in violation of due process; for example, if a state trial judge (1) imposed a sentence in excess of state law, *see Walker*, 850 F.2d at 476; *see also Marzano v. Kincheloe*, 915 F.2d 549, 552 (9th Cir. 1990) (plea of guilty does not permit state to impose sentence in excess of state law despite agreement of defendant to sentence), or (2) enhanced a sentence based on materially false or unreliable information or based on a conviction infected by constitutional error, *see United States v. Hanna*, 49 F.3d 572, 577 (9th Cir. 1995); *Walker*, 850 F.2d at 477; *accord Brothers v. Dowdle*, 817 F.2d 1388, 1390 (9th Cir. 1987) (factual basis required for factors when factors used to aggravate sentence). Sentencing a defendant under the wrong statute may itself be a due process violation when the jury's proper discretion is impaired. *Murtishaw v. Woodford*, 255 F.3d 926, 969 (9th Cir. 2001) (citing *Hicks v. Oklahoma*, 447 U.S. 343 (1980)); *see id.* (finding due process violation where jury given wrong statute to apply).

However, federal courts must generally defer to the state courts' interpretation of state sentencing laws. *See Bueno v. Hallahan*, 988 F.2d 86, 88 (9th Cir. 1993). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994); *see, e.g., Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (whether assault with deadly weapon qualifies as "serious felony" under California's sentence enhancement provisions, Cal. Penal Code §§ 667(a) and 1192.7(c)(23), is question of state sentencing law and does not state constitutional claim).

In this case, Petitioner argues that the state trial judge who sentenced him to a term of 12 years after his guilty plea to forcible rape and forcible oral copulation committed error by sentencing him consecutively on the convictions. Petitioner argues that the trial court wrongly applied California Penal Code § 667.6(c), under which he was sentenced to consecutive terms, because the trial court incorrectly found that Petitioner had an opportunity to reflect between the two crimes. Petitioner argues that the Court should have required that "an appreciable amount of time" must pass between

the criminal acts before a consecutive sentence can be imposed. However, Petitioner's claim does not present a claim for federal habeas relief. *Middleton*, 768 F.2d at 1085. As such, Respondent's motion is GRANTED (docket no. 8).

In opposition to Respondent's motion, Petitioner does not contend that his habeas claims presented federal constitutional questions. Nor does he assert that any federal claims had been exhausted in the highest state court. Respondent has provided the Court a copy of Petitioner's briefs on appeal in the state courts and it does not appear that any federal issues were presented to the state courts. Petitioner has filed an attachment to his opposition, in which he apparently moves to amend the petition to raise additional claims, which are also apparently unexhausted.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process.").

The United States Supreme Court has held that a district court may stay a mixed habeas petition to allow the petitioner to exhaust unexhausted claims in the state courts. *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005). A district court does not have discretion to stay a petition containing only unexhausted claims, however, even where the record shows that there were exhausted claims that could have been included. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (declining to extend the rule in *Rhines* to completely unexhausted petitions and finding that the district court must dismiss a

5

completely unexhausted petition based on *Jimenez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001)). In this case, it is apparent that there are no exhausted claims currently before the Court, either in the petition or in Petitioner's "Attachment B." Therefore, the case must be dismissed.

However, a dismissal solely for failure to exhaust is not a bar to Petitioner's returning to federal court after exhausting available state remedies. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, this petition is DISMISSED without prejudice to Petitioner's filing a new federal habeas petition once he has exhausted state remedies by presenting his claims to the highest state court.

## CONCLUSION

Respondent's motion to dismiss is GRANTED (docket no. 8). The petition for writ of habeas corpus is DISMISSED for failure to state a claim for federal habeas relief. The clerk shall enter judgment and close the file. This order terminates all pending motions.

IT IS SO ORDERED.

DATED: January 25, 2007

JEFFREY S. WHITE
United States District Judge